IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |
|---|---|
| IN RE ) | |
| ) | |
| ZAKY S. ZAKY and ) | CASE NO. 03-81560-G3-7 |
| GENVIAV Z. ZAKY, ) | |
| ) | |
| Debtors, ) | |
| ) | |
| DIXIELINE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | ADV. NO. 04-8025 |
| ) | |
| ZAKY S. ZAKY and ) | |
| GENVIAV Z. ZAKY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

The court has held a trial in the above captioned adversary proceeding. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered determining Debtors' debt to Plaintiff nondischargeable. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Zaky S. Zaky and Genviav Z. Zaky ("Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 8, 2003.

Zaky S. Zaky testified that he and Mrs. Zaky were the sole owners, officers, and directors of G & Z Contracting Inc. ("G&Z") during 2002 and 2003.

Prior to the filing of the petition in the instant Chapter 7 case, Zaky S. Zaky was a defendant, along with G&Z, in a suit brought by Dixieline, Inc. ("Plaintiff") in the 127th Judicial District Court of Harris County, Texas.

Plaintiff brought suit in the state court seeking damages on the basis that G&Z, as contractor, subcontracted with Plaintiff to perform work on construction contracts on real property for the University of Houston Clear Lake, the City of Pasadena, and Harris County, Texas, and failed to pay its subcontractors.

By judgment entered January 10, 2004, the state court awarded $20,886.43 to Plaintiff against G&Z, plus prejudgment interest at the annual rate of five percent from February 18, 2003 through January 23, 2004, plus $37,670 in attorney fees. The judgment bore interest at the annual rate of five percent. (Plaintiff's Exhibit 11).

Although the judgment recites that Plaintiff's cause of action against Zaky S. Zaky, individually, was severed from the cause of action which resulted in the judgment, Zaky S. Zaky participated in the state court trial as a witness.

In the complaint in the instant adversary proceeding,

Plaintiff seeks a determination that the debt arising from the judgment is nondischargeable, on grounds it represents trust funds covered under Chapter 162 of the Texas Property Code.

Paragraph 1 of the complaint in the instant adversary proceeding states: "Plaintiff is a creditor of G&Z Contracting, Inc., (G & Z) having obtained a verdict against it in January, 2004.  The verdict relates to trust funds under the Texas Property Code, §§ 162.001, et seq.--specifically money that was paid by property owners to G&Z as contractor and that was not then paid to Plaintiff, Dixieline, Inc., (Dixieline) as a subcontractor."

Debtors' answer (Docket No. 4) states in pertinent part:  "Defendants admit paragraph 1."

### Conclusions of Law

Section 523(a)(4) of the Bankruptcy Code excepts from discharge a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

The Fifth Circuit has held that a debt for trust fund receipts under Chapter 162 of the Texas Property Code paid to non-beneficiaries for items other than "actual expenses directly related" to the construction projects is nondischargeable under Section 523(a)(4) of the Bankruptcy Code.  In re Nicholas, 956 F.2d 110 (5th Cir. 1992).

Under Section 162.002 of the Texas Property Code, an

3

owner, officer, or director, <u>inter</u> <u>alia</u>, of a contractor is a trustee of the trust funds received by the contractor.  The court concludes that Zaky S. Zaky, individually, was a trustee of the trust funds paid to G&Z.

In the instant adversary proceeding, Debtor's admission of Paragraph 1 of Plaintiff's complaint amounts to an admission that G&Z retained trust fund receipts and did not pay them over to its subcontractor, Plaintiff.

The court concludes that the debt represented by the state court judgment is nondischargeable, pursuant to Section 523(a)(4) of the Bankruptcy Code.

Based on the foregoing, a separate Judgment will be entered determining Debtors' debt to Plaintiff to be nondischargeable.

Signed at Galveston, Texas on September 1, 2005.

HONORABLE LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE